IN UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| P & G CONSTRUCTION CONSULTANTS LLC, as Assignee of HUMBOLDT FAMILY WALK-IN CLINIC LLC, <br><br> Plaintiffs, <br><br> v. <br><br> STATE FARM FIRE AND CASUALTY, <br><br> Defendant. | DOCKET NO. <br> JURY DEMAND |

**COMPLAINT FOR DAMAGES**

COMES NOW P & G Construction Consultants LLC, as Assignee, and Mary Hinson, by and through counsel, and upon information and belief would state to the Court as follows:

### I. PARTIES TO PROCEEDINGS

1. Plaintiffs P & G Construction Consultants LLC ("Assignee") are a Tennessee limited liability corporation whose members are citizens of the state of Tennessee and Colorado. Assignees have a valid post-loss claim assignment[1] of Humboldt Family Walk-in Clinic LLC[2] ("Policyholder") interest in its insurance claim executed by Policyholder. Assignees are proper parties to bring this action. HUMBOLDT FAMILY WALK-IN CLINIC owns the subject property at 1600 Coleman Street, Humboldt, Tennessee 38343 ("Insured Premises')

---

[1] The documents referenced herein were previously exchanged in civil action 1:22-cv-1151 in this Court and dismissed without prejudice on April 4, 2023.

[2] HUMBOLDT FAMILY WALK-IN LLC is a Tennessee limited liability corporation whose members are citizens of the state of Tennessee.

2. State Farm Fire and Casualty Company ("State Farm") (NAIC 25178) is a corporation organized and existing under the laws of the State of Illinois with is principal place of business located at 1 State Farm Plaza Bloomington, IL 61710[3]. State Farm may be served with process by any means authorized by Rule 4 of the Federal Rules of Civil Procedure or by service via the Commissioner of Insurance.

## II.   JURISDICTION AND VENUE

4. Insurer is an Illinois corporation and insurance entity doing business in Tennessee. At all times pertinent hereto, Insurer advertised, marketed, sold and otherwise offered policies of insurance to citizens of Gibson County, Tennessee. Insurer is duly licensed to write Policies of Insurance in Tennessee. This Court has personal jurisdiction over the Defendant.

5. This action for breach of contract arises under Tennessee Common and Statutory Law over which this Court has Subject Matter Jurisdiction.

6. The subject Insured Premises, as well as the bulk of the witnesses are located in Gibson County. The majority of the facts and circumstances that gave rise to this suit occurred in Gibson County. Venue is proper.

## III.   STATEMENT OF THE CASE

7. Policyholder purchased a Policy of Insurance from Insurer to cover the Insured Premises that was in full force and effect on the date of this event. The policy number was 92C7M6070.

8. Insurer agreed to cover the Insured Premises from damage or loss in exchange for valuable consideration as evidenced by the Policy.

---

[3] This Court has subject matter jurisdiction of this action pursuant to 28 USC § 1332 (Federal Diversity). Venue is proper in this district as the cause of action accrued in this district pursuant to 28 USC § 1391.

9. At all times pertinent hereto Policyholder timely paid, and Insurer accepted, consideration in the form of premium payments.

10. The Insured Premises was well maintained and free from significant deterioration or preexisting damage.

11. On or about May 4, 2020, a certain severe weather event, which included extremely high velocity wind and large hail, seriously damaged the Insured Premises.

12. Policyholders timely filed a claim with Insurer once they discovered the damage. The claim number was 4206Q128P.

13. Policyholders assigned their post-loss interest to the insurance claim to Assignees.

14. Assignees therefore stand in the shoes of the Policyholder.

15. Policyholders and Assignees completed all conditions precedent, pursuant to the Policy of Insurance, that trigger the Insurer's duty to pay.

16. Plaintiffs have demanded payment from Insurer, but Insurer has willfully refused to pay Plaintiffs pursuant to the Policy of Insurance.

## IV.   CAUSES OF ACTION

### 1.   BREACH OF CONTRACT

17. Plaintiffs hereby incorporate paragraphs 1-16 by reference as if verbatim.

18. Plaintiffs bring this action for Breach of Contract.

19. Insurer agreed to cover the Insured Premises from damage or loss in exchange for valuable consideration as evidenced by the Policy of Insurance. Wind and hail damage are not excluded under the Policy of Insurance.

20. At all times pertinent hereto Policyholder timely paid, and Insurer accepted, consideration in the form of premium payments.

21. The Insured Premises were seriously damaged by an extremely high velocity wind and hail weather event compromising Policyholder's roofing system and allowing moisture infiltration.

22. Policyholder timely filed a claim with Insurer and assigned their post-loss interest in the claim to Assignees.

23. Policyholder and Plaintiffs completed all conditions precedent, pursuant to the Policy, that trigger the Insurer's duty to pay.

24. Insurer refuses to pay the true value of the claim, which is a material breach of the agreement.

25. Insurer's failure in its duty is the cause and proximate cause of the Plaintiffs' injuries including continued damage from water infiltration to the Insured Premises through the damaged roofing system.

## 2.     COMPENSATORY DAMAGES

26. Plaintiffs hereby incorporate paragraphs 1-25 by reference as if verbatim.

27. Plaintiffs pray for an award of Compensatory Damages.

28. Plaintiffs were injured when Insurer failed to perform on the contract and Policy of Insurance when performance came due. Policyholder suffered continued damage from water infiltration to the Insured Premises.

29. Plaintiffs are entitled to compensatory damages to be restored to whole.

### 3. PUNITIVE DAMAGES

28. The Plaintiff incorporates the foregoing allegations as if fully set forth herein.

29. Defendants' conduct was reckless, in attempting to damage the Plaintiffs claims by the in failing to pay for all the damages to Plaintiffs premises as a result of the extremely high velocity wind and hail entitles Plaintiff to an award of punitive damages.

### V.  PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray and demand that the Defendant be required to answer this Complaint, and that the Plaintiffs be awarded a judgment against the Defendants for the following:

1. Plaintiffs pray for compensatory damages in an amount in excess $1,000,000.00; pre-judgment interest, post-judgment interest, and punitive damages in excess of $1,000,000.00

2. Plaintiffs pray for attorney's fees, if applicable, and costs of this court; and,

3. Plaintiffs pray for such other and further relief as this court may deem proper and in the interest of justice.

Respectfully submitted,

/s/ Drayton Berkley
/s/ Drayton Berkley, (022601)
Counsel for Petitioner
The Berkley Law Firm, PLLC
1255 Lynnfield Road Ste 226
Memphis, TN 38119,
Phone. 901-322-8706
attorneyberkley@gmail.com